DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 95-00114 |
| Plaintiff, | CIVIL CASE NO. 19-00007 |
| vs. | REPORT AND RECOMMENDATION |
| WARREN ANTONIO LEE, | |
| Defendant. | |

Present before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed by Defendant on March 26, 2019.

**BACKGROUND** and **DISCUSSION**

On July 7, 1995, Defendant pled guilty to an Information which charged him with one count of Attempted Importation of Methamphetamine and one count of Attempted Possession with Intent to Distribute Methamphetamine. On May 24, 1996, Defendant was sentenced to a term of imprisonment of 480 months (40 years) for each count, to run concurrently.

In his motion, Defendant asserts two grounds for relief.

First, Defendant states that the Bureau of Prisons (BOP) has given notice to prisoners that a newly passed law which amends the good time credit statute was not effective immediately. Defendant takes issue with the said determination by BOP and argues that the newly enacted statute took effect upon its passage.

Second, Defendant argues that BOP must also re-compute 125 good time credit (GTC) days withheld by a Discipline Hearing Officer (DHO) from disciplinary infractions that he

had received throughout the 24 years that he has served his sentence. Defendant appears to allege that with the enactment of the new law (the First Step Act), Subsection 3624(g) presumably permits 62 and ½ days to be rescinded.

In Defendant's motion, it appears that he is referencing P. L. 115-391, the First Step Act of 2018 signed into law by President Trump on December 21, 2018. The Act amends 18 U.S.C. § 3624 (b), dealing with good time credit for federal prisoners. The amendment to the statute provides:

> b) Prerelease Custody.--
>   (1) In general.--Section 3624 of title 18, United States Code, is amended--
>     (A) in subsection (b)(1)--
>       (i) by striking ``, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term,'' and inserting ``of up to 54 days for each year of the prisoner's sentence imposed by the court,''; and
>       (ii) by striking ``credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence'' and inserting ``credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment'': and

18 U.S.C. § 3624(b) now reads:

> b) Credit toward service of sentence for satisfactory behavior.--
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year1 other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment.
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

All of the courts within the circuit interpreting the provisions of the First Step Act have concluded that the good time credit provisions of the Act did not become effective when the Act took effect on December 21, 2018. The Act mandates the change in the good time credit calculations when the Attorney General completes and releases the risks and needs assessment

system. The Attorney General is required to complete the risks and needs assessment system within 210 days, or by July 19, 2019. See *U.S. v. Murgia*, D. Alaska, 2019 WL 2236067, *Merth v. Puentes*, E.D. California, 2019 WL 30003684, and *Corbett v. Jacquez*, W.D. Washington, 2019 WL 4454448.

Thus, Defendant's contention that Bureau of Prisons (BOP) provided him incorrect notice that the First Step Act was not effective upon passage is not correct. Thus, there is no basis for the relief he seeks therein.

Defendant also argues that under Subsection 3624(g), the BOP must re-compute 125 GTC days withheld by a DHO for disciplinary infractions that he had received throughout the 24 years that he has served his sentence. Subsection 3624(g) applies only to those prisoners who have earned time credits equal to the remainder of the prisoner's imposed term of imprisonment. Such is not the case with Defendant. The relief Defendant seeks herein is not provided by statute. Moreover, the good time credit statute comes into play for an applicable year only if the Bureau of Prisons determines that, during that applicable year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

Upon further review, the Defendant's motion appears to be premature. Defendant does not state that his release is imminent based upon the recently enacted statute, such that would invoke the filing of the said motion.

**RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Court issue an order denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence for the reasons stated above.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**
**Dated: Nov 13, 2019**

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**