# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>WARREN ANTONIO LEE,<br><br>                 Defendant. | CRIMINAL CASE NO. 95-00114<br><br>**ORDER DISMISSING MOTION FOR LACK OF JURISDICTION** |

Before the Court is Defendant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, ECF 122; the Magistrate Judge's Report and Recommendation ("R&R") that the motion be denied, ECF 123; and Defendant's objections to the R&R, ECF 125. Defendant's motion raises two grounds for relief: (1) the Bureau of Prisons ("BOP") has deprived Defendant of good time credits by misinterpreting the effective date of an amendment to the statutory provision governing such credits,[1] and (2) the BOP has improperly withheld 125 days of good time credit with respect to various disciplinary proceedings. *See* ECF 122 at *4, *5.[2] The Magistrate Judge's R&R recommends denying the motion on the merits and, alternatively, as premature. ECF 123. Defendant objects to the R&R, particularly with respect to its conclusion that Defendant's motion is premature. ECF 125.

Before turning to the merits of Defendant's claims, the Court must first assure itself that it has jurisdiction to address those claims. This involves an "inquiry into whether a § 2241 petition

---

[1] Although the Court ultimately concludes that it lacks jurisdiction to reach the merits of this claim, the Court notes that after Defendant's motion was filed, the Ninth Circuit rejected a similar claim and adopted the BOP's interpretation of the disputed statutory provision. *See Bottinelli v. Salazar*, 929 F.3d 1196 (9th Cir. 2019).

[2] Page numbers accompanied by an asterisk denote the page numbers as added by the Court's electronic filing system, rather than any page numbers appearing in the original document.

is proper under these circumstances," *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), rather than a § 2255 motion as Defendant's filing is styled. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez*, 204 F.3d at 864.

      Here Defendant's motion raises claims relating to the calculation of good time credits. The calculation of sentencing credit is part of the sentence's execution, and as such, is properly challenged through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[3] *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015); *see also United States v. Pratt*, 2019 WL 3229617, at *2 (E.D. Cal. July 18, 2019), *report and recommendation adopted*, 2019 WL 3769079 (E.D. Cal. Aug. 9, 2019). Because Defendant's claims dispute the execution, rather than the validity, of Defendant's sentence—claims which are properly raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241—the "custodial court … ha[s] the exclusive jurisdiction to hear the claim[s]." *Hernandez*, 204 F.3d at 865. In this case, the custodial court appears to be the Northern District of Texas, as Defendant is currently held in Fort Worth, Texas.

      For the reasons above, the Court hereby **DISMISSES** Defendant's motion **WITHOUT PREJUDICE** to her refiling the motion in the custodial court, **REJECTS** the Magistrate Judge's R&R insofar as it purports to reach the merits of Defendant's claims, and **OVERRULES AS MOOT** Defendant's objections to the R&R.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Aug 24, 2020**

---

[3] If considered under 28 U.S.C. § 2255, Defendant's claims would necessarily fail. Section 2255 authorizes a motion to be made to the sentencing court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Defendant in this case does not attack the sentence itself, but rather the BOP's execution of that sentence, which is not a basis for relief under § 2255.